**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000706**
**12-MAR-2012**
**10:31 AM**

NO. CAAP-11-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EMERSON M.F. JOU, M.D., Plaintiff-Appellant, v.
K. KENNETH SIU, an Individual, also known as KING-SAU KENNETH
SIU, Defendant-Appellee, and JOHN AND JANE DOES 1-10; DOE
PARTNERSHIPS, DOE CORPORATIONS, AND DOE ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2758)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over Plaintiff-Appellant Emerson M.F. Jou, M.D.'s
(Appellant Dr. Jou), appeal in appellate court case number CAAP-
11-0000706 from the Honorable Rom A. Trader's September 8, 2011
judgment, because the September 8, 2011 judgment does not satisfy
the requirements for an appealable final judgment under Rule 58
of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119,
869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp.
2011) authorizes appeals from final judgments, orders, or
decrees. Appeals under HRS § 641-1 "shall be taken in the manner
. . . provided by the rules of court." HRS § 641-1(c). "Every
judgment shall be set forth on a separate document." HRCP
Rule 58. The Supreme Court of Hawai'i has held that "[a]n appeal
may be taken . . . only after the orders have been reduced to a

judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although Appellant Dr. Jou asserted multiple causes of action against Defendant-Appellee K. Kenneth Siu (Appellee Siu) through a November 25, 2009 complaint, a June 15, 2010 first amended complaint, and a September 27, 2011 second amended complaint, the September 8, 2011 judgment enters judgment in favor of Appellee Siu and against Appellant Dr. Jou only as to Appellant Dr. Jou's November 25, 2009 complaint. The

2

September 8, 2011 judgment expressly provides that it does not affect any subsequently filed complaint. Although the September 8, 2011 judgment does not resolve all claims in this case, the September 8, 2011 judgment does not contain an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the September 28, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple party case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, the appeal is premature, and we lack appellate jurisdiction over the appellate court case number CAAP-11-0000706. Accordingly,

IT IS HEREBY ORDERED that the appeal in appellate court case number CAAP-11-0000706 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 12, 2012.


Presiding Judge


Associate Judge


Associate Judge

3